**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM B. MCGUIRE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Civil Action No.: 13-7356 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss [CM/ECF No. 6] the Complaint ("Compl.") [CM/ECF No. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6) by BMW of North America, LLC (hereafter "Defendant" or "BMW").   No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.   After considering the submissions of the parties in support of and in opposition to the instant motion, Defendant's motion to dismiss is granted in part and denied in part.

## I.     BACKGROUND

On December 6, 2013, Plaintiff brought this class action on behalf of himself and all others similarly situated who purchased or leased certain vehicles manufactured, distributed, marketed, and/or sold by BMW of North America, LLC, and/or its related subsidiaries or affiliates ("BMW") with defective navigation systems.  The "Class Vehicles" include all BMW vehicles equipped with a current-generation BMW navigation system containing the "Advanced Real-Time Traffic Information" ("ARTTI") feature (the "Navigation System").  (Compl. ¶ 2.)

Allegedly, BMW markets the Class Vehicles' Navigation System as reliable, accurate, detailed, and quick to update, promising local real-time traffic updated every three minutes and dynamic guidance to automatically re-route the Vehicle around traffic on the Vehicle's intended route. (*Id.* ¶¶ 4, 58, 59, 76-81.)

Plaintiff claims, however, that the Navigation System is defective in that it fails to display local real-time traffic information for the area where the Class Vehicle is located, and also fails to automatically re-route the Vehicle to avoid traffic incidents on the Vehicle's intended route (the "Defect"). (*Id.* ¶¶ 5, 62, 63.) Plaintiff alleges that BMW knew of the Defect prior to the sale of the Class Vehicles, possibly as early as June 2012 (*id.* ¶¶ 6, 65-74, 118), but nevertheless misrepresented the Navigation System to have qualities it did not have, and failed to disclose and actively concealed the Defect from Plaintiff and Class members. (*Id.* ¶¶ 7, 75-91, 119.) Plaintiff claims that had BMW disclosed the Defect to Plaintiff or Class members, they would not have purchased their Class Vehicles, or would not have purchased them at the price paid. (*Id.* ¶¶ 34, 83-87, 91(f), 122.)

Plaintiff also alleges that BMW breached its warranty when it failed to repair the Vehicles or remedy the Defect. (*Id.* ¶¶ 8-9.) BMW warrants the Class Vehicles with a four-year/50,000-mile "New Vehicle Limited Warranty" (the "Warranty"). (*Id.* ¶¶ 93-95.) The Warranty states that, "[t]o obtain warranty service coverage, the vehicle must be brought, upon discovery of a defect in material or workmanship, to the workshop of any authorized BMW center... The BMW center will, without charge for parts or labor, either repair or replace the defective part(s)..." (*Id.* ¶ 98.) But Plaintiff alleges that when he brought his Vehicle to BMW to remedy the Defect, BMW did not repair or replace the defective part or take any action whatsoever to remedy the Defect. (*Id.* ¶¶ 25-29,132, 136, 137, 165-169.) He claims that BMW

denied the existence of the Defect and insisted the Navigation System worked properly, and that despite BMW's official position, a BMW serviceperson admitted to Plaintiff that BMW knew of the Defect but that no fix would be offered because it would cost BMW so much to remedy the problem. (*Id.* ¶¶ 26-31, 86.) Plaintiff claims that BMW's misconduct has imposed significant costs on Plaintiff and Class members, including substantial out-of-pocket expenses incurred by Plaintiff and Class members for a BMW Navigation System that does not work as advertised. (*Id.* ¶¶ 10-13, 123, 142, 160.)

Individually and on behalf of the Class, Plaintiff asserts claims against BMW for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, *et seq.*, and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*; for breach of express and implied warranties and unjust enrichment under New Jersey law; and/or for violations of similar consumer protection and warranty laws of the states where Class members purchased or leased their Class Vehicles. Plaintiff seeks to assert the foregoing claims on behalf of himself and "all persons in the United States who purchased or leased a BMW vehicle equipped with the Navigation System with the ARTTI feature." (Compl. ¶ 102.) On February 18, 2014, Defendant moved to dismiss Plaintiff's unjust enrichment claim, his NJCFA and New Jersey breach of warranty claims on behalf of a nationwide class, and his multi-state class allegations.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's short and plain statement of the

claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at at 557 (2007)). However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (quoting *Phillips*, 515 F.3d at 234).

## III.   DISCUSSION

### A. Unjust Enrichment

First, Defendant moves to dismiss Plaintiff's claim for unjust enrichment. To state a claim for unjust enrichment under New Jersey law, a Plaintiff must establish that the "defendant received a benefit and that retention of that benefit without payment would be unjust" and that Plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994).

The Court has carefully reviewed Plaintiffs' unjust enrichment allegations. The crux of the claim is that "BMW has been unjustly enriched. . . [because] BMW was aware of the

4

Navigation System Defect, but failed to disclose it and misled Plaintiff and Class members regarding the features and quality of the Navigation System. . . ." (Compl. ¶ 185-86.)  The Court finds that Plaintiff has failed to state a facially plausible claim of unjust enrichment because the conduct underlying Plaintiff's unjust enrichment claim sounds in tort.  New Jersey does not recognize unjust enrichment as an independent tort cause of action.  *See Castro v. NYT Television,* 370 N.J. Super. 282, 299 (App. Div. 2004) (explaining that "the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion."); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.,* 171 F.3d 912, 936 (3d Cir. 1999) ("In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched).").

Plaintiff has not alleged that he did not receive the product he purchased or otherwise conferred a benefit on the Defendant under a quasi-contractual relationship with the expectation of remuneration.   Rather, he asserts that Defendant concealed certain defects in and misrepresented the qualities and functionality of the navigation system in the vehicle Plaintiff purchased.  (*See, e.g.,* TAC ¶ 214.)  Defendant's motion to dismiss this claim is therefore granted.  *See, e.g., Pappalardo v. Combat Sports, Inc.,* 2011 U.S. Dist. LEXIS 147902, at *31-35 (D.N.J. 2011) (granting motion to dismiss unjust enrichment claim because "[i]t was presented as a tort-based theory of recovery, in that Plaintiffs d[id] not allege that they did not receive the composite barreled bats they purchased, but rather that the Manufacturer Defendants and League Defendants misrepresented that the composite barreled bats. . . were suitable for use in organized youth baseball"); *Nelson v. Xacta 3000 Inc.,* No. 08–5426, 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009) (dismissing unjust enrichment claim after finding that "New Jersey law does not

recognize unjust enrichment as an independent tort cause of action"); *Warma Witter Kreisler, Inc. v. Samsung Elecs., Am., Inc.,* No. 08–5380, 2009 WL 4730187, at *7 (D.N.J. Dec. 3, 2009) (dismissing unjust enrichment claim and noting that "Plaintiff does not claim that it failed to receive the printer for which it conferred a benefit on the Defendant; rather, Plaintiff's theory of recovery is based on the assertion that it was misled by Samsung as to the fitness of the printer and that as a result of Samsung's tortious conduct, Plaintiff is allowed to recover damages. Such allegations sound in tort.").  Plaintiff's unjust enrichment claim is dismissed without prejudice. Plaintiff may amend this claim only to extent he can allege an unjust enrichment claim that does not sound in tort.

### B. Class Allegations

Next, Defendant urges the Court to dismiss certain of Plaintiff's class-action allegations. In particular, Defendant argues: (1) Plaintiff cannot pursue a nationwide consumer-fraud class action under the law of New Jersey; (2) Plaintiff cannot pursue a nationwide breach of warranty class action under the law of New Jersey; (3) Plaintiff cannot pursue a nationwide unjust enrichment class action under the law of New Jersey[1]; and (4) Plaintiff cannot pursue a multi-state class action under the laws of unnamed plaintiffs' home states because he is a resident of New Jersey and was injured in his home state.

Federal Rule of Civil Procedure 12(f) permits a party to strike "any redundant, immaterial, impertinent or scandalous matter" from the pleadings.  Motions to strike are generally disfavored and are usually denied "unless the allegations have no relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Kim v. Baik*, Civ. No. 06–3604, 2007 WL 674715, at *5 (D.N.J Feb. 27, 2007)

---

[1] As the Court already dismissed the unjust enrichment claim, it need not address this alternative argument for dismissal of that count.

6

(quoting *River Road Dev. Corp. v. Carlson Corp.,* Civ No. 89–7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)).

The Court has carefully considered Defendant's arguments. Defendant does not argue that any of the foregoing class action allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Nor does Defendant cite to any binding legal authority requiring—or even warranting—the striking, or dismissing, of such class allegations at the motion to dismiss stage. To the contrary, with the exception of one argument—pertaining to the viability of Plaintiff's proposed multi-state class action—the Court concludes that the arguments raised by Defendant in support of its request to strike or dismiss Plaintiff's class action allegations are premature given the early stage of this litigation.

"Dismissal of class claims prior to discovery and a motion to certify the class by plaintiff is the exception rather than the rule," and is almost uniformly disfavored. *Durso v. Samsung Elecs. Am., Inc.,* 2013 U.S. Dist. LEXIS 160596 (D.N.J. Nov. 6, 2013) (citing *Ehrhart v. Synthes (USA)*, No. 07-01237, 2007 U.S. Dist. LEXIS 94760, *7-9 (D.N.J. Dec. 21, 2007); *Gutierrez v. Johnson & Johnson, Inc.*, No. 01-5302, 2002 U.S. Dist. LEXIS 15418, *16 (D.N.J. 2002)). The Court cannot meaningfully engage in a choice-of-law analysis when it is not even clear which other state laws would apply to unnamed plaintiff's claims. Absent factual content that would allow this Court to determine which other state laws are being asserted in the alternative, the Court is in no position to engage in the type of choice of law analysis engaged in by the Third Circuit in *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 210 (3d Cir. 2013)—which is relied upon by Defendant. In that case, the Third Circuit affirmed the district court's grant of defendant's motion for summary judgment as to Plaintiff's NJCFA claim after concluding that the factors enumerated in subsection (2) of § 148 of the Restatement (Second) of

Conflict of Laws point in favor of applying South Carolina law.[2]  The Court cannot reasonably determine at this time whether Plaintiff can pursue claims of breach of express and written warranty and/or violation of the NJCFA on a nationwide class action basis, as such an analysis would be entirely speculative at this juncture.

Defendant also argues that this Court should dismiss Plaintiff's alternative breach of warranty claims "under the laws of the states in which Class members purchased or leased their Class Vehicles," (Compl. ¶¶ 162, 173), because Plaintiff, a New Jersey resident, "lacks standing to invoke the laws of other jurisdictions." (Def. Br. 17-18.)  The Court agrees.

The Third Circuit has summarized the requirements of Article III constitutional standing as follows:

> (1) the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

---

[2] In particular, the Court held:

> While, to be sure, New Jersey has an interest in deterring misconduct by corporations headquartered within its borders, it is far from clear that this interest would be sufficient to outweigh other significant contacts with a plaintiff's home state. New Jersey's deterrent interest might well be served by actions involving in-state plaintiffs or actions involving additional contacts within New Jersey without opening the floodgates to nation-wide consumer fraud class actions brought by out-of-state plaintiffs involving transactions with no connection to New Jersey other than the location of the defendant's headquarters.

*Maniscalco*, 709 F.3d at 210.

*Society Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175-76 (3d Cir. 2000) (citing *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 484-85 (3d Cir. 1998) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). "It is well-settled that a named plaintiff in a class action is required to establish Article III standing." *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 U.S. Dist. LEXIS 121373, at *7 (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). "[A] plaintiff . . . must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

"That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357(1996) (internal quotations omitted). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "The initial inquiry . . . is whether the lead plaintiff individually has standing, not whether or not other class members have standing." *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007).

The question of "whether, pre-class certification, named plaintiffs are required to establish standing for each and every claim set forth in a class action complaint, or whether it is sufficient to establish standing for a single claim because a court will determine if the named plaintiffs have standing to represent the unnamed class members seeking redress under the balance of asserted claims during the class certification process pursuant to Federal Rules of

9

Procedure 23," has caused disagreement among district courts. *In Re Magnesium Oxide*, 2011 U.S. Dist. LEXIS 121373, at *25-6.

A number of federal district courts have refused to dismiss claims brought under the laws of states in which no named plaintiff has standing. *See, e.g., Ramirez v. STI Prepaid LLC*, 644 F. Supp. 2d 496, 505 (D.N.J. Mar. 18, 2009). Under this approach, "the fact that the named Plaintiffs may not have individual standing to allege violations of consumer protection laws in states other than those in which they [were injured] is immaterial" because "[t]he issue . . . is one of predominance - whether 'questions of law or fact common to class members predominate over any questions affecting only individual members." *Id.*; *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06-1739, 2006 U.S. Dist. LEXIS 78064, at *3 (S.D.N.Y. Oct. 25, 2006); *In re Busipirone Patent Litig.*, 185 F. Supp. 2d 363, 377 (S.D.N.Y. Feb. 14, 2002).

In contrast, other federal district courts require that at least one plaintiff demonstrate standing for each claim asserted in the complaint prior to class certification. *See, e.g., In re Magnesium Oxide*, 2011 U.S. Dist. LEXIS 121373, at *7-10; *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 2011 WL 891160, at *11 (E.D. Mich. 2011) ("[N]amed plaintiffs lack standing to assert claims under the law of the states in which they do not reside or in which they suffered no injury."); *In re Terazosin Hydrochloride*, 160 F. Supp. 2d at 1371 ("[T]he named plaintiffs cannot rely on unidentified persons within those states to state a claim for relief."); *Ulrich v. Walker*, No. 92-1078, 1992 U.S. Dist. LEXIS 13126, at *1-2 (E.D. Pa. Aug. 28, 1992); *In re Refrigerant Compressors Antitrust Litig.*, No. 09-2042, 2012 U.S. Dist. LEXIS 98827, at *1 (E.D. Mich. July 17, 2012) ("[T]he named IP Plaintiffs lack constitutional standing to bring claims under the laws of states/territories where no named IP Plaintiff claims to reside or have been injured."). Under this approach, "[a] named plaintiff whose injuries have no causal relation

10

to, or cannot be redressed by, the legal basis for a claim does not have standing to assert that claim." *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009) ("For example, a plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law, although it may have standing under the law of another state.").

After carefully considering these differing approaches, this Court agrees that the Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury. This Court is persuaded by the reasoning of Judge Debevoise in *In re Magnesium Oxide*. As Judge Debevoise explained, courts must initially "review the standing of actual, not proposed plaintiffs" to assert the claims in a class action complaint because "the alternative would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union." *In re Magnesium Oxide*, 2011 U.S. Dist. LEXIS 121373, at *37-38 (citing *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 154-56 (E.D. Pa. 2009)).

Moreover, the Court finds Plaintiff's argument in favor of deferring the standing issue until after class certification unpersuasive. Plaintiff has cited no binding authority directing this Court to defer such considerations and no authority cautioning this Court that such a deferral would be in the interest of justice. "[A] plaintiff must demonstrate standing for each claim he seeks to press," and Supreme Court precedent, namely *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), does not permit a court to defer such analysis when standing issues do not revolve around absent class members but rather around the named plaintiff himself. *See In re Wellbutrin XL Antitrust Litig., 260 F.R.D. at 154;*

*In re Magnesium Oxide*, 2011 U.S. Dist. LEXIS 121373, at *10; *Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014); *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*, 2013 U.S. Dist. LEXIS 142466, at *33-38 (D.N.J. Oct. 2, 2013).   For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's multi-state allegations without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part.   The Court grants Defendant's motion insofar as it moved to dismiss Plaintiff's unjust enrichment claim and multi-state class allegations.   Plaintiff may amend to the extent he is able to cure the noted pleading deficiencies by **July 31, 2014**.   The remainder of Defendant's motion is denied.

  s/Jose L. Linares
Jose L. Linares
United States District Judge

Dated: June 6, 2014